[Civ. No. 3116.   Fourth Dist.   Feb. 25, 1944.]

M. H. ANGLIN, Respondent, v. C. L. CUTLER et al.,
Appellants.

Kendall & Howell, Kaplan & Livingston and Eugene S. Goodwin for Appellants.

Waldo R. Bergman for Respondent.

BARNARD, P. J.—This is an action to recover for labor and materials alleged to have been furnished to the defendants.

The plaintiff's assignor was in the business of selling lumber and building oil well derricks. The defendants Cutler and Ochs operated the Cutler-Ochs Producing Company, as copartners, and also controlled the Kenneth Oil Producing Company, of which they and their wives were the only directors. They were also directors and officers of the Philip Oil Producing Company, of which their secretary was the only other director. The Kenneth Oil Producing Company owned a lease near Newhall and was also conducting operations on another lease in the Kettleman Hills, the title of which was in the Philip Oil Producing Company. One White was employed by the Kenneth Oil Producing Company and was acting as superintendent of the operations on both of these leases, although Cutler and Ochs were in active charge of all of these operations. The defendant Kaplan was attorney for the Cutler-Ochs Producing Company and for the Kenneth Oil Producing Company, and under a written authorization was acting as agent and trustee for the partnership in collecting income from certain oil properties which he was to disburse on orders given him from time to time by Cutler and Ochs.

In July, 1941, the Kenneth Oil Producing Company contracted with Rosemead Oil Company to drill an oil well on the Newhall lease. The Rosemead Company purchased a der-

rick from the plaintiff's assignor which was moved to this property and which was fully paid for. However, certain extra work was done by plaintiff's assignor of the value of $100, which was ordered by the defendants' superintendent, White, and which was not paid for. Also, certain lumber of the value of $50 which was on the Newhall property when the rig was completed was kept by White for the defendants and was not paid for.

Shortly thereafter, White, at the direction of Ochs, arranged with the plaintiff's assignor to furnish the material and labor and erect a second-hand derrick on the Kettleman Hills property, and agreed to pay $1,000 therefor. Plaintiff's assignor delivered the material to that property and completed the work, the operations there being in charge of White, who was acting for the partnership and for the Kenneth Oil Producing Company. This was not paid for. About the same time lumber of the value of $54.08 was delivered to a different lease owned by the Kenneth Oil Producing Company, which admits receiving it and that it is liable therefor.

In this action which was brought to collect the $1,204.08 the court found in all respects in favor of the plaintiff finding, among other things, that material and labor had been furnished at the request of the defendants, that they were of the reasonable value of $1,204.08, that the defendants had orally agreed to pay that amount for them, and that there was an account stated with respect to the smaller items totaling $204.08. Judgment was in favor of the plaintiff and the defendants have appealed.

It is first contended that the "extra judicial statements" of White, who acted as superintendent on these projects, were not admissible and were not sufficient to "prove the extent of his authority." There is no merit in this contention as applied to the facts shown by the record. White testified that he was employed as superintendent by the Kenneth Oil Producing Company and was in charge of both the Newhall and Kettleman Hills leases; that respondent's assignor did extra work on the Newhall job for which he agreed to pay him $100; that he also agreed to pay him $50 for extra lumber which was left on that job at the request of the witness; that he had full authority to make such arrangements and frequently had to do so in getting his work done; and that after the derrick was completed at the Kettleman Hills

lease he heard Ochs tell respondent's assignor that he would pay him the next morning. Plaintiff's assignor testified that after the Newhall job was completed he had a talk with Ochs; that Ochs expressed satisfaction with the job and told him he wanted him to build another derrick near Kettleman City; that he told Ochs "You can let Mr. White know and he will let me know"; that he told Ochs that the Kettleman job would run between $900 and $1,000; that a few days later White called him on the phone and told him to go ahead and build the rig; and that it was agreed that $1,000 would be paid therefor. He further testified that White was acting as superintendent at Newhall and at Kettleman Hills and that Ochs told him that White was in charge of these jobs. He also testified that in other instances on these jobs Cutler and Ochs had paid for material that White ordered, that while they were building the Newhall rig Ochs was there three or four times, and that after all of the matters were completed both Cutler and Ochs promised several times to pay the $1,204.08. There was a sufficient showing of White's authority in this connection.

█ It is next argued that the contract for the derrick on the Kettleman property is unenforceable under section 1973a of the Code of Civil Procedure since there was no written memorandum, no part payment, and no acceptance by the buyer. However, subdivision 2 of that section provides that the requirements of the first subdivision shall not apply where the goods are to be manufactured for the buyer and are not suitable to others in the ordinary course of business. The material for this derrick was supplied and the derrick erected for the special use of the buyer in an isolated location. Moreover, the court was justified in holding that the completed work was accepted by these defendants, and the fact that the legal title to the lease may have been in the Philip Oil Producing Company is not conclusive to the contrary.

█ It is next urged that the $150 claimed for work and materials for the benefit of the Newhall lease cannot be collected because respondent's assignor received a check from the Rosemead Oil Company for the derrick purchased from him by that company which was marked "Balance on derrick in full." No contention has been made in this action that this derrick was not paid for in full. The $150 in question was for extra labor and material which was furnished

on the order of the appellants and not of the Rosemead Oil Company.

The next point raised is that certain letters between attorneys for the parties were not admissible for the purpose of proving an account stated. Assuming that this is correct the court, in effect, stated that it would pay no attention to these letters and there was other ample evidence of an account stated with respect to the smaller items amounting to $204.08.

Appellants' final contention is that the entry of the judgment against Leon Kaplan, as trustee, was improper for the reason that he testified that he had no funds belonging to the other defendants in his possession at the time suit was filed or at the time of trial. While he so testified, it appears from his own testimony that he was acting as trustee for the partnership, that income from oil properties was coming at frequent intervals into his hands as such trustee, and that he paid this income out on changing orders given him from time to time by Cutler and Ochs. Under the circumstances, we see no reversible error in making the judgment run against him as trustee.

While there is some conflict, the evidence as a whole is amply sufficient to sustain the findings and judgment as to all of the appellants.

The judgment is affirmed.

Marks, J., and Griffin, J., concurred.